[No. 5565.]

## ABNER REED *v.* EMANUEL L. GOLDSTEIN, JOSEPH SELLERS, AND MEYER EHRMAN.

CREDITOR'S BILL—*Remedy for damages by fraudulent misappropriation.*— Where a creditor of a corporation has suffered damages by reason of the fraudulent misappropriation by other creditors of moneys belonging to the corporation, whereby the corporation has been rendered insolvent, the remedy is by an action in the nature of a creditor's bill against the corporation and the other creditors or wrong-doers, wherein the rights of all the parties in interest may be adjudicated.

APPEAL from the District Court of the Fifteenth Judicial District, City and County of San Francisco.

The facts alleged in the complaint were substantially as follows: The defendants are a commercial firm doing business in San Francisco under the name of Goldstein, Sellers & Co. On January 10th, 1871, the Golden Gate Sugar Refinery was a corporation, organized and acting under the laws of this State, then owning certain property described in the complaint. The property thus described constituted its entire assets. The company was indebted to the firm of Goldstein, Sellers & Co. in the sum of fifty thousand four hundred and thirty-six dollars and seventeen cents, and was likewise indebted to the plaintiff in the sum of four thousand dollars. At the same time there were two other corporations—one the San Francisco and Pacific Sugar Refinery, and the other the California Sugar Refinery, rivals, engaged in competition in the same business as the Golden

Gate Sugar Refinery.     On January 10th, 1871, with the con-
sent of its creditors, the Golden Gate Sugar Refinery entered
into an agreement with these two rival companies, whereby, in
consideration of a stated sum, to be paid monthly, it was to
suspend prosecution of its business for a limited time.     This
arrangement, it is alleged, was entered into for the purpose of
enabling the company to pay its debts.     The negotiation of this
arrangement was entrusted to the defendant Ehrman, a member
of the firm of Goldstein, Sellers & Co., and then, likewise, the
treasurer and a trustee of the Golden Gate Sugar Refinery.
Ehrman entered upon the negotiations, and the rival companies
agreed with him to pay the Golden Gate Sugar Refinery two
thousand eight hundred dollars a month to suspend its business.
On January 23rd, 1871, Ehrman reported to the company and
its creditors that the rival companies agreed to pay one thou-
sand five hundred dollars per month for every year, from
January 1st, 1871, to the company for suspending its business.
He recommended acceptance and ratification of this arrangement
as the best that could be done, and the arrangement was accord-
ingly accepted and ratified.     Ehrman is charged with having
fraudulently reported one thousand five hundred dollars, instead
of two thousand eight hundred dollars, as the bonus for suspen-
sion.

The complaint then proceeds to state that on February 18th,
1871, the company executed a note to William Scholle, on ac-
count of and in trust for Goldstein, Sellers & Co., for fifty
thousand four hundred and thirty-six dollars and seventeen
cents, and another note to him on account of and in trust for
plaintiff for four thousand dollars.     Both of these notes were
payable at the same time, and both of them were secured by
one and the same mortgage, executed by the company to Scholle
for that purpose.     On December 30th, 1871, the company
made partial payments upon these notes, paying Goldstein, Sel-
lers & Co. ten thousand five hundred and ninety-one dollars and
fifty cents and the plaintiff eight hundred and forty dollars.
Goldstein, Sellers & Co. demanded payment of the balance,
and upon non-payment foreclosed the mortgage, and bought in
the mortgaged property at the foreclosure sale for twenty-five

thousand dollars, and put of these proceeds they paid the plaintiff seventeen hundred and thirty-eight dollars and ninety-eight cents. He has since received seven hundred and twenty dollars as interest, but the balance remains due to him. The foreclosure sale absorbed all the property of the company, which is now insolvent and unable to pay any part of its debts.

The complaint then charges that Ehrman, during the year, received twenty-eight hundred dollars a month instead of fifteen hundred dollars under the arrangement, and that he paid the fifteen hundred dollars difference to Goldstein, Sellers & Co. in fraud of the company and the plaintiff. That Goldstein and Sellers well knew this, and confederated with Ehrman to defraud the plaintiff; that in consequence of their fraudulent acts the value of the property of the company was greatly diminished, its business destroyed, and the appellant deprived of the means of recovering from the company what it owes him, and by reason of the premises he is damaged in the sum of three thousand dollars. He discovered the fraud June 1st, 1872. The prayer is for twenty thousand dollars damages.

*Pringle & Hayne* and *Caleb Dorsey,* for Appellant.

This is a special action on the case, brought to recover damages for the fraudulent acts and representations of the defendants, by and through which the whole property of the plaintiff's debtor was sacrificed and the plaintiff's debt was lost. It may easily be brought within the general principle asserted by the Judges of the King's Bench in *Paisley* v. *Freeman.* In his opinion in that case Lord Kenyon indorses the old saying of Comyns : " An action upon the case for a deceit lies when a man does any deceit to the damage of another," which reappears in Croke in the form : " Fraud without damage, or damage without fraud, gives no cause of action, but where these two do occur, there an action lieth." A case directly in point is *Yates* v. *Joyce,* 11 John. 136, where the defendant was held liable in damages to the plaintiff for maliciously destroying buildings on the land of plaintiff's debtor, on which plaintiff had a judgment lien.

In *Cazeaux* v. *Mali,* 25 Barb. 578, defendants were held liable in damages to plaintiff for the fraudulent over-issue by

them, as officers of a corporation, of stock of their company, by reason whereof the plaintiff's genuine stock was greatly depreciated and diminished in value.

In *Benton* v. *Pratt*, 2 Wend. 385, plaintiff had made a verbal arrangement with parties at Allentown to sell them two hundred hogs, if they were not sooner supplied. He was proceeding to Allentown with his hogs, when the defendant got ahead of him and assured the parties at Allentown that the plaintiff was carrying his hogs for sale to some other market, and would not come to Allentown. The parties, relying upon this assurance, bought hogs of the defendant, and when the plaintiff reached Allentown, hogs were a drug with his anticipated purchasers. Defendant was held liable for plaintiff's expenses and other damages.

In *Brown* v. *Castles*, 11 Cush. 348, plaintiff had attached the goods of his debtor. Defendant told the plaintiff and the attaching officer that he held a prior mortgage against the goods. Plaintiff thereupon abandoned his attachment. It appearing that defendant's statement was false, he was held liable in damages to plaintiff.

Within the same general principle that a person is responsible for any fraud or deceit which occasions damage to another, come the great number of familiar cases of misrepresentations made as to the solvency of persons, to whom others are thereby induced to give credit. (See *Paisley* v. *Freeman*, 2 Smith's L. Cases, and such kindred cases as *Irwin* v. *Sherrill*, 1 Taylor [N. C.] 1; *Bean* v. *Herrick*, 12 Me. 262; *White* v. *Merritt*, 7 N. Y. [3 Seld.] 356; *Allen* v. *Addington*, 7 Wend. 1.)

*McAllisters & Bergin* and *E. B. & J. W. Mastic*, for Respondents.

The gravamen of the complaint consists in an alleged fraud, perpetrated upon the company by Ehrman, one of its trustees and agents. The corporation is an indispensable party to a suit, or proceeding, for redress of a corporate wrong. (*Davenport* v. *Dows*, 18 Wall. 627; *Samuel* v. *Holladay*, Woolw. C. C. R. 400; *Graves* v. *George*, 16 Abb. U. S. 377.)

By the Court, CROCKETT, J.:

The plaintiff is a creditor of the Golden Gate Sugar Refinery, an insolvent corporation, and the present is an action on the case for damages which the plaintiff is alleged to have suffered, by reason of the fraudulent misappropriation by the defendants of a large sum of money belonging to the corporation, whereby it is averred that the corporation became insolvent and unable to pay the debt due the plaintiff.

The plaintiff has mistaken his remedy, and the action for damages cannot be sustained on the facts alleged in the complaint. The proper remedy was an action in the nature of a creditor's bill against the corporation and the present defendants, (who were also creditors) wherein, with all the parties in interest before it, the Court might have compelled the defendants to account for the money which they had misappropriated, and have proceeded to distribute it according to the rights and equities of the several parties. The appropriate relief might possibly have been administered in the present action on the facts alleged in the complaint, if the corporation had been made a party defendant. But it is not made a party; and one of the grounds of demurrer to the complaint was a defect of parties defendant, and the demurrer was properly sustained on this ground.

Judgment affirmed. Remittitur forthwith.